UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Donald C. Darnell,
     Debtor.
_____/

Chapter 11
Case No. 22-41803
Hon. Maria L. Oxholm

## SUMMARY BALLOT REPORT AND CERTIFICATION

Now comes Donald C. Darnell, Debtor and Plan Proponent, by and through his Attorney, Guy T. Conti, hereby summarizes, reports and certifies to the Court the results of the balloting on the Plan Proponent's Chapter 11 Plan, and in making such report states as follows:

1. Of the 18 ballots issued, there were 4 filed with Debtor, with 4 being timely and 0 being untimely. Of the 4 ballots filed, 4 ballots voted in 3 classes. Class 3 accepted the Plan. Classes 1 and 5 rejected the plan. No other Class accepted the Plan but no explicit rejecting ballots were received by the Debtor.

2. Of the ballots filed with Debtor, 6 accepted the Plan, and 0 rejected the Plan.

## SUMMARY OF BALLOTING AND OBJECTIONS BY CLASSES

**Ballots**

1. Class 1. U.S. Bank National Association voted to reject the Plan.

2. Class 2. Lightstream did not vote and does not accept the Plan.

3. Class 3. Shawn Peirrel, the sole creditor in the Class, voted to accep the Plan. **This constitutes an accepting impaired class.**

4. Class 4. IRS. No ballots were received and the Class does not accept the Plan.

5. Class 5. Non-Priority Unsecured Creditors. Two ballots were received, both rejecting the Plan and the Class does not accept the Plan.

6. Class 6. Kristen Darnell. Mrs. Darnell is an unimpaired insider and is not entitled to a vote.

**<u>Objections</u>**
The following creditors have filed objections to the confirmation of the Plan:

1. United States of America (Internal Revenue Service). The IRS claims Unsecured Priority Claims in the amount of $136,900.71; this includes an estimate of $89,665.91 for year 2021. Mr. Darnell has now provided his 2021 tax return to counsel for the IRS. Said tax return shows a tax due of $20,828.00. Therefore, the IRS' proper unsecured priority claim should be $68,062.80. The Plan estimated this amount to be $66,519.00 so the actual numbers are very close. Debtor is requesting the IRS to amend its claim to reflect same. A 60 month payout at 4.5% interest would require a monthly payment of $1,268.90. Debtor believes this part of the objection should be resolved. The IRS has also objected to the Plan's language concerning Administrative Claims Bar Date; the Debtor believes this objection has been resolved. The IRS has also objected on "lack of good faith" grounds. The IRS questions whether fees that Mr. Darnell may earn in bankruptcy

cases where he serves as attorney for the debtor should be included in his accounts receivable. Mr. Darnell has not been awarded the fees yet so he believes they are not receivables and it is appropriate to project his income using these potential fees but that they are not yet assets. The IRS also asserts that the Debtor's claim of exemption of receivables under MCL § 600.6023(1)(l) as subsistence shows a lack of good faith. Mr. Darnell believes there is valid case law to the contrary. The IRS also asserts Debtor's claiming of two motor vehicle exemptions shows a lack of good faith. The Debtor intends to correct his error by agreeing to an order sustaining the objection of another creditor to one of the auto's exemptions. The IRS also asserts that the Debtor has failed to disclose interests in businesses. The Debtor vigorously contests this allegation. The listed businesses are either former businesses of the Debtor that do not exist within the applicable reporting period (like Darnell & Lulgjuraj, P.C.) or are business owned by third parties where Mr. Darnell serves as registered agent. The position of registered agent does not constitute an ownership interest. The Debtor believes this part of the IRS' objection to be frivolous. The IRS also believes the Debtor's claim of exemption of his interest of 8080 Grand LLC as an entireties property shows bad faith because "this exemption applies to real property held jointly by husband and wife as tenancy by the entirety." The Debtor respectfully suggests that the IRS is misstating Michigan law concerning entireties ownership. The IRS also believes that the Debtor seeks to "keep valuable assets while paying his unsecured creditors

almost nothing. The Debtor believes his provision of a 4% dividend to the general unsecured creditors is generous as they would receive $0.00 in a hypothetical Chapter 7 (as any non-exempt assets would go to the priority and administrative creditors). The IRS also objects to the Debtor's household expenses, asserting they are "extravagant." Debtor believes the appropriate analysis would be analogous to a 11 U.S.C. § 707(a) analysis (which would be the standard in a non-consumer debt case in Chapter 7) to decide whether Debtor's expenses are reasonable. Debtor believes such an analysis would show his monthly operating expenses to be reasonable. The IRS also asserts that Debtor lacks good faith because he allegedly is not dedicating "all of his disposable income" to the plan. Debtor believes he is committing all of his *projected* disposable income, the applicable requirement. Finally, the IRS objects to the default provisions in the Plan and suggests alternate language. Although not fully acceptable to the Debtor, it is substantially acceptable and the Debtor hopes to resolve this objection with the IRS.

2. The State of Michigan (Dept. of Treasury) has filed objections to the confirmation of the Plan. The state asserts that Mr. Darnell owes $12,197.80 in priority taxes. This number includes $3,000.00 estimated sales tax for 2020 and 2021. Mr. Darnell will be filing these returns in the next day or two and this will reduce the priority amount to $9,197.80. Mr. Darnell will amend his Plan accordingly. The state also objects because it believes that the Plan requiring the allowance of priority tax claims as a precondition to payment of same is somehow improper.

However, the state then admits that Section 501(a) makes all claims allowed until they are disallowed. The Debtor believes this objection is frivolous.

3. The United States Trustee has objected to the confirmation of the Plan. The UST asserts the Plan is not feasible. However, the Debtor believes the UST is ignoring the Plan's stated provision that "Darnell also projects the restoration of one automobile per year for the life of the Plan, realizing a potential profit, depending on the type of automobile, of between five and ten thousand dollars per car." The UST also ignores the liquidation value of the Debtor's motor vehicles. The UST also objects, claiming that the order confirming plan should have language requiring the filing of operating reports by the Debtor. The Debtor does not object to the language and will include it in any OCP. Finally, the UST objects to the language that states that "to the extent practicable" property of the Chapter 11 estate would become property of a Chapter 7 estate upon conversion. The Debtor agrees to strike Paragraph d. on page five of the Plan in its entirety.

4. U.S. Bank National Association has filed objections to the confirmation of the Plan. U.S. Bank claims that the language "plan is silent as to Creditor's rights or post-petition remedies in event of default" is a violation of 11 U.S.C. §1191(c)(3)(B). However, that code section is a rule of construction, not a rule that requires anything of the Debtor. U.S. Bank also objects to the plan provision that provides for the discharge of all debts not excepted under Sections 523 and

-5-

22-41803-mlo    Doc 103    Filed 07/20/22    Entered 07/20/22 00:01:30    Page 5 of 7

727(a) of the Code but fails to provide for the exceptions listed in Section 1192(1). The Debtor agrees to add the exceptions of Section 1192(1).

5. Unsecured non-priority creditor Evangelos Souliotis has filed objections to the confirmation of the Plan. Mr. Souliotis believes the plan is not feasible and not proposed in good faith. He also objects, claiming the Debtor does not propose to pay all projected disposable income claiming his expenses are too high. These objections are similar to that of the IRS, *supra*.

6. Unsecured non-priority credit Anthony Maurer has filed objections to the confirmation of the Plan. Mr. Maurer asserts that the Debtor has not filed his Plan in good faith and has not included all of his assets, claiming a fee that he has not yet been awarded by a bankruptcy court is an undisclosed asset. Mr. Maurer also claims that the Debtor's claim of a subsistence exemption under MCL § 600.6023(1)(a) shows a lack of good faith. Debtor believes there is applicable case law that contradicts this assertion. Mr. Maurer claims that Debtor's mistaken claim of exemption on two low-value cars (as opposed to the one allowed) shows lack of good faith, similar to the IRS' objection, *supra*. Mr. Maurer also repeats the IRS' objections to Mr. Darnell's "failure" to disclose interests in non-existent businesses or businesses he has no ownership interest in. Mr. Maurer also claims that the insuring and maintaining of the main non-exempt assets of the Chapter 11

estate, the Debtor's vehicles, is somehow "unfair."

07/19/2022

/s/Guy T. Conti
Guy T. Conti P68889
Attorney for Debtor
2045 Hogback Road
Ann Arbor, MI 48105
888-489-3232
gconti@contilegal.com